[Civ. No. 49429. First Dist., Div. Four. Sept. 17, 1982.]

KQED, INC., Plaintiff and Respondent, v.
LAURENCE S. HALL, as Chairman, etc., Defendant and Appellant.

COUNSEL

Mocine, Plotz & Eggleston, John Plotz and James E. Eggleston for Defendant and Appellant.

Thomas Unterman, Robert E. Freitas, Orrick, Herrington & Sutcliffe and Oliver A. Jones as Amici Curiae on behalf of Defendant and Appellant.

Heller, Ehrman, White & McAuliffe, Stephen V. Bomse and Steven M. Block for Plaintiff and Respondent.

OPINION

CALDECOTT, P. J.—The basic issue presented by this appeal is whether a corporation, organized under the Nonprofit Public Benefit

Corporation Law (Corp. Code, § 5110 et seq.), can require of a member, as a condition to inspecting and copying the membership list, that the corporation have the right to inspect the materials to be mailed by the member prior to their distribution.

Defendant Laurence S. Hall appeals from the trial court's order setting aside demand for inspection of membership mailing list of respondent KQED, Inc.

The parties to the suit are respondent KQED, Inc., a California broadcasting nonprofit corporation with its principal place of business in San Francisco, and appellant Hall, chairman of a group called "Committee to Save KQED" (hereafter: Committee). The subject matter of the litigation is access to KQED's membership list which the Committee repeatedly attempted to obtain in order to further its organizational activities and to solicit funds from KQED members. The facts preceding the present action may be summarized as follows.

The Committee's first attempt to obtain the list took place in the middle of 1975. When KQED rejected the request, the Committee, in lieu of seeking judicial access, simply acquired an unauthorized copy of the mailing list and improperly used it to communicate with KQED members. In the ensuing action brought by the Committee to validate the possession and use of the list, KQED cross-complained on the grounds that the mailing had been made for an improper purpose (i.e., solicitation of funds in competition with KQED) and that the circulars distributed by the Committee were misleading inasmuch as they failed to show that they originated from an organization not affiliated with KQED. The superior court granted KQED's prayer for injunctive relief restraining the Committee from using the membership list or mailing labels in communicating with KQED members and also from using the name of the Committee for soliciting funds and other purposes without clearly stating that the organization was not affiliated in any way with KQED.

After the 1975 election of the KQED board of directors, the Committee made a second attempt to obtain the membership list. In a new suit brought to set aside the election the Committee claimed that the election of the board of directors was invalid and unfair due to the fact that the Committee had been deprived of the membership list. The Committee also sought an order compelling disclosure of the list as well as dissolution of the injunction previously issued. The superior court de-

nied the relief for the stated reasons that the Committee had utilized the membership list without proper authorization and for an improper purpose and also that the denial of access to the list did not prejudice the Committee with respect to the 1975 election. Simultaneously, the court left in effect the injunction previously issued.

The action at bench was initiated after the new Nonprofit Corporation Law (Corp. Code,[1] § 5000 et seq.) went into effect on January 1, 1980. Since the new law provides that the members of public benefit corporations can communicate with each other through the membership list of the corporation or through a reasonable alternative to it (§§ 6330-6338), Hall, in a letter dated January 9, 1980, requested inspection of the KQED membership list. He demanded access to the list for the purpose of mailing matters similar to the various materials enclosed with the letter. However, the examplars attached to the letter were on their face improper both under the statute and the court order. Not only did they solicit financial contributions for *general organizational support*[2] in direct violation of section 6338, but were also violative of the injunction outstanding against the Committee insofar as they failed to clearly indicate that the Committee was not affiliated with KQED.

For these reasons, KQED rejected Hall's request for the inspection of the list, and in a letter dated January 23, 1980, offered an alternative procedure as allowed by section 6330.

On January 25, 1980, the Committee rejected the alternative procedure proposed by KQED. On February 11, 1980, KQED filed a petition in the superior court to set aside the Committee's demand pursuant to section 6331, and to approve the alternative procedure offered by KQED. The trial court approved the alternative procedure on the grounds "(1) that there is a reasonable probability that Respondent [the Committee] will permit use of the membership list for a purpose unre-

---

[1] Unless otherwise indicated, all further references will be made to the Corporations Code.

[2] Section 6338 provides in part: "(a) A membership list is a corporate asset. Without consent of the board a membership list or any part thereof may not be used by any person for any purpose unrelated to a member's interest as a member. Without limiting the generality of the foregoing, without the consent of the board a membership list or any part thereof may not be: [¶] (1) Used to solicit money or property unless such money or property will be used solely to solicit the vote of the members in an election to be held by their corporation . . . ."

lated to his interest as a member unless the alternative mechanism proposed by KQED is adopted; and [¶] (2) that the method offered by KQED is a reasonable alternative in that it reasonably achieves the proper purpose set forth in Respondent's demand."

By order dated April 1, 1980, the trial court set aside respondent's demand for inspection of the membership list and adopted the alternative procedure suggested by KQED. According to this proposal, the mailing of the Committee's materials would be made through an independent organization at the Committee's expense. However, KQED insisted that in order to assure that the materials related to the interest of the members and be distributed for a proper purpose (§ 6330), they should be submitted to KQED prior to their distribution. It was likewise demanded that the materials clearly indicate that the Committee was not affiliated with KQED. The appeal is from this order.

Hall advances two basic arguments on appeal. First, he contends that the approval of the alternative procedure proposed by KQED was tantamount to authorization of censorship. The prior restraint on the use of the membership list, continues appellant, is unauthorized by the statute and unsupported by the facts of the instant case. Secondly, appellant argues that even if a prior restraint is permissible under the statute, it is unconstitutional under the First Amendment of the United States Constitution and the free speech provisions of the California Constitution.

In answering appellant's first contention that the imposition of conditions upon the use of the membership list was not authorized by the statute, initially we set out the statutory scheme pertaining to the matter. As provided in section 6330, unless the corporation provides a reasonable alternative (subd. (c)), a member may either inspect or copy the record of all members, names, addresses and voting rights or may demand the membership list from the secretary of the corporation by stating in writing the purpose for which the list is requested. (Subds. (a)(1), (2).) The right to inspect may be exercised by a member or authorized number of members only for a purpose reasonably related to the interest of the member or members. Where the corporation reasonably believes that the information will be used for another purpose or where it provides a reasonable alternative to the inspection, it may deny access to the list. (§ 6330, subd. (b)(1).) An alternative method which reasonably and in a timely manner accomplishes the proper purpose set forth in the demand shall be deemed a reasonable alternative. (§ 6330, subd. (c).)

Where the corporation, in good faith and with a substantial basis, believes that the membership list will be used for a purpose not reasonably related to the interest of the member or members making the demand or provides a reasonable alternative, it may petition the court to set aside the demand. (§ 6331, subd. (a).) The court shall set aside the demand if the corporation proves: "(1) That there is a reasonable probability that the requesting parties will permit use of the membership list for a purpose unrelated to their interests as members; or (2) That the method offered by the corporation is a reasonable alternative in that it reasonably achieves the proper purpose set forth in the requesting parties' demand and that the corporation intends and is able to effectuate the reasonable alternative." (§ 6331, subd. (f)(1), (2).) Last, but not least, the statute provides that "In the final order, the court may, in its discretion, order an alternative mechanism for achieving the proper purposes of the requesting parties, or impose just and proper conditions upon the use of the membership list which reasonably assures compliance with ... [the statute]." (§ 6331, subd. (g).)

Thus the question presented is whether the alternative offered by KQED imposes just and reasonable conditions which assure compliance with the statute. The first condition is that the mailing would be made by an independent organization at Committee expense. As both parties have agreed to the condition it is not an issue on this appeal and we need not discuss it further. The condition that the materials clearly indicate that the Committee is not affiliated with KQED is reasonable and just and apparently acceptable to both parties. ■ The remaining condition, review of the material by KQED prior to distribution and characterized by the Committee as censorship, is the underlying issue on this appeal.

The inspection statutes are concerned with providing a method by which members of nonprofit corporations may communicate with other members on matters relating to their interests as members. As noted above, the basic method provided for accomplishment of this goal is a right of access to membership lists. The Legislature has recognized, however, that direct communication may not be necessary or appropriate in some cases. The tension between the need for member-to-member communication and the interests of the corporation and its other members has been addressed by the authorization of the corporation to provide an alternative method of communication which fulfills the reasonable purpose of the requesting parties without providing access to or a copy of the membership lists. As we interpret the inspection statutes,

the restriction on actual access is merely a limitation of method designed to serve the dual purposes of protecting the corporation's interest in a significant corporate asset and preventing unnecessary invasion of the privacy and associational interests of members.

Review of the statutory scheme makes clear that the Legislature was concerned solely with regulating the method by which members would communicate; nothing suggests that the corporation could propose censorship, rather than blind mailings by independent third parties, as an alternative to actual access.

KQED's contention that the statutes authorize prior review of member proposals was based on section 6331, subdivision (g), which authorizes a court ruling on a corporation's petition to include in its final order "just and proper conditions upon the use of the membership list which reasonably assures [sic] compliance with Sections 6330 and 6338." We do not interpret section 6331, subdivision (g), as authorizing corporation review.

Moreover, we do not see any basis here for concluding that prior review by the corporation is necessary or a just and proper condition. KQED contends that it cannot be certain that member communications will be restricted to the purposes set forth in the demand. The evidence, however, is not sufficient to support a claim that KQED's rights might be violated when it is recognized that the significant interest in the free flow of ideas among members of a corporation may be unduly impaired by prior review. Moreover, the Legislature has carefully limited the uses to which membership lists may be. put.

Section 6338 provides a series of strong remedies to protect nonprofit corporations against misuses of membership lists. We believe that these remedies provide the basis upon which the Legislature intended to protect corporations against the danger of misuse. Under section 6338, the corporation is entitled to recover actual and punitive damages, injunctive relief, and to obtain disgorgement of any profits wrongfully obtained as a result of use of the corporation's membership list. In section 6338, the Legislature has recognized the seriousness of misuse and has provided significant protection against its occurrence.

In sum, we find that the condition allowing KQED the right to review the material prior to distribution is contrary to the statutory scheme.

Because this case can be decided on the basis of statutory interpretation we need not reach the constitutional free speech and right of privacy issues.

The order of the trial court is reversed.

Christian, J., and Poché, J., concurred.

A petition for a rehearing was denied October 13, 1982.